IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,     *

    v.                           *

                                              Criminal No.: RDB-16-0364

ANTONIO ALBRIGHT,         *

    Defendant.                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM ORDER

On April 28, 2017, Defendant Antonio Albright ("Defendant" or "Albright") pled guilty to one count of conspiracy to distribute and possess with the intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846.  (ECF No. 146.)  On June 6, 2018, this Court sentenced Albright to 78 months of incarceration with credit for time served in Federal custody since August 17, 2016, and a term of three years of supervised release.  (ECF No. 386.)  On August 21, 2020, the Defendant filed a *pro se* Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 502) through which he seeks his immediate release.  In his Motion, Albright references the COVID-19 pandemic, and suggests he is concerned for his own health and the health of his family.  (*Id.*)  He also asserts that at some point he suffered from a punctured lung and lead paint poisoning.  (*Id.*)  However, even if these concerns were sufficient to present extraordinary and compelling reasons allowing this Court to consider his requested relief, the Defendant has not alleged that he properly exhausted his administrative remedies before filing the presently pending motion, nor does he provide any evidence of that exhaustion.  Accordingly, Defendant Albright's Motion for Compassionate Release (ECF No. 502) is DENIED.

## BACKGROUND

On August 9, 2016, Defendant Albright was charged in a Superseding Indictment. (ECF No. 12.)  The Second Superseding Indictment filed on September 13, 2016 charged Albright and thirteen others in eleven counts and specifically charged Albright with conspiracy to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846 (Count One); possession with intent to distribute heroin, in violation 21 U.S.C. § 841(a)(1) (Count Two); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c) (Count Three); and possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Seven).  (ECF No. 75.)  On April 28, 2017, Albright appeared before Judge Motz of this Court and pled guilty to Count One of the Second Superseding Indictment pursuant to a Plea Agreement.  (ECF Nos. 146, 147.)  Through the Plea Agreement, Albright made certain factual and guidelines stipulations.

As to the facts, Albright stipulated that from as early as February 2016, he conspired with others to obtain wholesale quantities of heroin from New York and elsewhere to be distributed in Baltimore, Maryland.  (ECF No. 147.)  Albright or one of his co-conspirators would travel to New York to obtain the wholesale quantities, and in Baltimore, the heroin would be processed and packaged for distribution.  (*Id.*)  Around June 27, 2017, the Drug Enforcement Administration ("DEA") intercepted conversations that led them to believe Albright was traveling to New York to obtain a quantity of heroin.  (*Id.*)  DEA agents followed Albright and several other co-conspirators to New York, watched them meet with the source of their supply, and then followed them back to Baltimore.  (*Id.*)  The next day, agents executed a search warrant at the homes of those connected to the organization, and they recovered

approximately 350 grams of heroin and three firearms.  (*Id.*)  Albright stipulated that it was reasonably foreseeable that members of the conspiracy would distribute one kilogram or more of heroin.  (*Id.*)

With respect to the Federal Sentencing Guidelines, Albright stipulated to a base offense level of 32.  (*Id.*)  However, the Government did not oppose a two-level reduction in the Defendant's adjusted offense level based on his apparent prompt acceptance of personal responsibility and an additional one-level reduction for his timely notification of his intent to plead guilty.  (*Id.*)  The final adjusted guidelines range was stipulated to be 29.  (*Id.*)  On October 16, 2017, the Defendant's case was reassigned to the undersigned Judge, and on June 5, 2018, this Court sentenced Albright to 78 months' incarceration and three years of supervised release with credit for time served in Federal custody since August 17, 2016.  (ECF Nos. 385, 386.)

On August 21, 2020, Albright filed the presently pending *pro se* Motion for Compassionate Release in which he seeks release from custody due to the ongoing pandemic. (ECF No. 502.)  In his Motion, the Defendant stresses that his family is committed to supporting him financially and guiding him mentally until he is fully readjusted to society.  (*Id.*) He states that while in prison he has completed programs to help with his addiction.  (*Id.*)  He also asserts that he has an elderly grandmother who does not have anyone to care for her.  (*Id.*) He further claims that he has suffered from a punctured lung and lead paint poisoning.  (*Id.*)

On August 25, 2020, the Clerk of this Court instructed Albright to submit certain information to the Office of the Federal Public Defender to facilitate its review of his case. (ECF No. 503.)  On October 20, 2020, the Office of the Federal Public Defender filed correspondence indicating that it had not received the requested information related to

exhaustion of administrative remedies from Albright, and that it would not supplement his *pro se* Motion.  (ECF No. 521.)

## ANALYSIS

The First Step Act of 2018, Pub. L. No. 115–391, 132 Stat. 5194, established significant changes to the procedures involving compassionate release from federal prison.  Prior to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) provided the Bureau of Prisons ("BOP") with sole discretion to file compassionate release motions with the Court.  With the passage of the First Step Act, defendants are now permitted to petition federal courts directly for compassionate release whenever "extraordinary and compelling reasons" warrant a reduction in sentence.  The Act permits a defendant to seek a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).  Once these mandatory conditions are satisfied, this Court may authorize compassionate release upon a showing of "extraordinary and compelling reasons" warranting a reduction; that the defendant is no longer a danger to the community; and a finding that a reduction in sentence is consistent with the factors presented in 18 U.S.C. § 3553(a).  18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13.

In this case, Albright has failed to demonstrate that he has exhausted his administrative remedies.  As provided above, on August 21, 2020, the Defendant filed the presently pending *pro se* Motion for Compassionate Release.  (ECF No. 502.)  Four days later, the Clerk of this Court mailed Albright a letter informing him of the required procedures to pursue his Motion,

which includes filing a request with the warden of his institution pursuant to 18 U.S.C. § 3582(c)(1)(A)and providing the Office of the Federal Public Defender with such information to assist him with his motion.  (ECF No. 503.)  On October 20, 2020, the Office of the Public Defender filed correspondence stating that it had not received any documents regarding Albright's exhaustion of administrative remedies and that it would not be supplementing his motion.  (ECF No. 521.)  Albright has failed to provide any evidence that he attempted to exhaust his remedies before seeking relief from this Court.  Specifically, he has not demonstrated that he petitioned the Bureau of Prisons for release and that 30 days have elapsed.  Accordingly, his Motion is premature.

Even if Albright has exhausted his administrative remedies as required, he has not shown extraordinary and compelling reasons for his release.  The United States Sentencing Commission is charged with defining "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t).  Of relevance here, the Commission has determined that "extraordinary and compelling reasons" exist where a defendant is "suffering from a serious physical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13 cmt. n.1(A).  Additionally, the Sentencing Commission has authorized the BOP to identify other extraordinary and compelling reasons "other than, or in combination with" the reasons identified by the Commission.  *Id.* § 1B1.13 cmt. n.1(D).  Although potentially useful guides, neither the Sentencing Commission's guidelines nor the Bureau of Prisons' regulations constrain this Court's analysis.  As Judge Blake of this Court has recognized, the First Step

Act embodies Congress's intent to reduce the BOP's authority over compassionate release petitions and authorizes the district courts to exercise their "independent discretion to determine whether there are 'extraordinary and compelling reasons' to reduce a sentence." *United States v. Bryant*, CCB-95-0202, 2020 WL 2085471, at *2 (D. Md. Apr. 30, 2020).

Defendant Albright asserts that compassionate release relief is appropriate in this case because his grandmother is elderly and has no one to care for her and, at an unspecified time, Albright allegedly suffered from a punctured lung and lead paint poisoning. In *United States v. Johnson*, this Court denied an inmate's motion for compassionate release when he asserted concerns related to his family but did not make any particular complaints about his own medical conditions, nor otherwise assert that the was particularly susceptible to the COVID-19 virus. RDB-09-0272, 2020 WL 3791976, at *2 (D. Md. July 7, 2020). As this Court stated in that case, "[w]hile the public health emergency created by COVID-19 is certainly a concern for all those in detention facilities, '[f]ear of contracting the novel coronavirus while incarcerated is not sufficient reason for granting compassionate release.'" *Id.* (citing *United States v. Taylor*, No. ELH-13-269, 2020 WL 3447761, at *6 (D. Md. June 23, 2020) (denying without prejudice compassionate release for failure to exhaust administrative remedies and also noting that defendant failed to identify any extraordinary and compelling reason to justify release)). Albright's concerns for his grandmother are clearly insufficient to support his compassionate release claim. Additionally, while lung conditions may place some individuals at risk of suffering severe symptoms with the COVID-19 virus, Albright has not alleged any specific details of the punctured lung condition or whether it does place him at an increased risk of severe illness.

Accordingly, it is HEREBY ORDERED this 10th Day of June, 2021 that the Defendant's Motion for Compassionate Release (ECF No. 502) is DENIED.


_____/s/_____
Richard D. Bennett
United States District Judge